IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN A. JOHNSON, | : | |
| Petitioner, | : | 1:16-cv-2168 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DAVID J. EBBERT, | : | |
| Respondent. | : | |

## MEMORANDUM

### November 21, 2016

Presently before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Steven A. Johnson ("Johnson"), a federal inmate confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania. Johnson seeks to proceed *in forma pauperis*. (Doc. 4). The Court has conducted preliminary review and, for the reasons set forth below, dismissal of the petition is warranted. *See* R. Governing § 2254 Cases R. 4, 1(b).[1]

## I.   BACKGROUND

Johnson alleges as follows: "I was transferred to USP-Lewisburg but my custody level classification does not match the custody level of this prison. In

---

[1] *See* R. Governing § 2254 Cases R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

April 2015, I was given a custody level point calculation of twenty-five (25), which is a FCI medium custody classification, which is below an [sic] USP custody and well below that of an SMU." (Doc. 1, p. 7). He is seeking a correction of his custody classification and a transfer to a federal facility that matches his custody level.

## II.     DISCUSSION

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

"Conversely, when the challenge is to a condition of confinement such that a finding in [Petitioner's] favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Johnson's petition plainly involves conditions of confinement in that he contends that the facility to which he is currently designated does not match his custody classification. A claim concerning the determination of custody classification does not lie at the "core of habeas" in that it does not challenge the fact or length of a sentence or confinement and, therefore, is not cognizable in a § 2241 petition. *See Preiser,* 411 U.S. at 500; *see Leamer,* 288 F.3d at 542-44. Moreover, prisoners have no constitutional right to a particular classification. *Moody v. Daggett,* 429 U.S. 78, 88 n. 9 (1976). Consequently, the petition will be dismissed without prejudice to any right Johnson may have to reassert his claim in a properly filed civil rights complaint.

An appropriate order follows.